Submitted June 5, accused reprimanded July 27, 1972

IN RE COMPLAINT AS TO THE CONDUCT OF
WILLIAM F. THOMSEN, ACCUSED.

499 P2d 815

No appearances.

PER CURIAM.

The Oregon State Bar charged the accused attorney with unethical conduct in that he refused to

Bryson, J., did not participate in this decision.

appear with his client at a default divorce hearing because she would not pay in advance the claimed balance of his fee.

The trial committee found him guilty. The Board of Governors, by a split vote, found him guilty. We also find him guilty.

The attorney had no written fee arrangement with his client. He testified that he and his client orally agreed that the fee would be upon an hourly basis. The client denied this agreement. On January 19 the client gave the attorney a check as the third payment on fees, for a total payment of $1,000. She wrote on the back of the check "Attorney fees & court costs paid in full." The attorney, without his client's knowledge, wrote after this notation, "(12-1-69)" and endorsed the check. He had no more conversations with his client about fees until he called her the end of March to tell her her divorce was set for hearing the next day and that she should bring a check for $687. The client refused, said she had paid all she agreed to pay and would pay no more. The client cursed the attorney and told him she had no trust in him. The attorney said he would not appear for her. He testified that one reason he would not appear was because she would not pay any more fees, either at the moment or in the future.

The attorney testified his client "canned" him in this conversation. She denied his statement. The client appeared at the scheduled hearing; however, the court refused to proceed because her attorney was not present.

Rule 7.01 of the Rules of the Circuit Court for the County of Multnomah provides an attorney may not resign from his representation except upon a duly

entered order of the court. The attorney was aware of this rule; however, he gave no explanation for his violation of the rule.[1]

Section DR 2-110(A)(1) of the Code of Professional Responsibility provides:

"Withdrawal from Employment.

"(A) In general.

"(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission."

The attorney's resignation without order of the court was in violation of this provision.

Section DR 2-110(A)(2) of the Code further provides:

"In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

Section DR 2-110(C)(1)(f) provides:

"* * * [A] lawyer may not request permission to withdraw in matters pending before a tribunal,

---

[1] We are of the opinion that Rule 7.01 is not contrary to ORS 9.380, which provides:

"The attorney in an action, suit, or proceeding, may be changed, or the relationship of attorney and client terminated, as follows:

"(1) Before judgment, decree or final determination, upon the consent of the attorney filed with the clerk or entered upon the journal; or,

"(2) At any time, upon the order of the court or judge thereof, based on the application of the client or the attorney, for good and sufficient cause."

and may not withdraw in other matters, unless such request or such withdrawal is because:

"His client:

"* * * * *

"(f) Deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

We do not decide what the fee agreement was. The attorney, however, either knew or certainly should have known that when his client gave him the check on which she wrote "paid in full" she was under the impression that she had paid all that their fee agreement required. He did nothing to dispel that impression. Her refusal to pay an additional fee, under the circumstances in which the demand was made, was not "deliberate * * * disregard * * * [of] an agreement or obligation to the lawyer as to expenses or fees"; therefore, under the Code the attorney had no basis for refusing to appear for his client.

The attorney's conduct does not involve moral turpitude; however, it is unethical, contrary to the applicable circuit court rule, and of the kind that causes public resentment toward the legal profession. For this reason we are of the opinion that a public reprimand is the appropriate discipline for the accused and this opinion shall act as such.